UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GERARDO ANTONIO LOPEZ-FLORES

Petitioner,

v.

CHRISTOPHER J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  26cv2760-LL-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

[ECF No. 1]

Before the Court is Petitioner Gerardo Antonio Lopez-Flores's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return in opposition to the Petition. ECF No. 4 ("Ret."). For the reasons set forth below, the Court **GRANTS** the Petitioner's Petition for Writ of Habeas Corpus.

I.      BACKGROUND

Petitioner is a citizen of Honduras who entered the United States on or about November 6, 2021. Pet. ¶¶ 2, 26. Petitioner entered when he was seventeen years old as an unaccompanied minor. *Id.* ¶ 2. On November 7, 2021, the Department of Homeland Security ("DHS") served a Notice to Appear on Petitioner, without a future hearing date. *Id.* ¶¶ 2, 27. DHS then released Mr. Lopez-Flores to his uncle in Washington, D.C., and

1

Petitioner has lived there since. *Id.* ¶¶ 28, 29. As part of the decision to release him to his uncle, DHS determined that Petitioner "was not a flight risk or danger to the community." *Id.* ¶ 28 (citing Exhibit C to the Petition). Since his release, Petitioner has "complied with the terms of his release" and "remained law abiding." *Id.* ¶ 29.

On November 9, 2025, ICE detained Mr. Lopez-Flores without any notice or an opportunity to be heard as he walked to church with his girlfriend and her minor child. *Id.* ¶ 30. Mr. Lopez-Flores has no criminal record and no prior immigration violations. *Id.* ¶ 32.

On May 1, 2026, Petitioner filed the instant Petition, claiming violations of the Fifth Amendment's Due Process Clause, the Fourth Amendment, and the Administrative Procedure Act due to his prolonged detention without a parole determination or bond hearing. *Id.* ¶¶ 37–66.

## II.    LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his or her confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process – for example, a claim of indefinite detention – federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales,* 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez,* 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

/ / /

/ / /

/ / /

2

26cv2760-LL-SBC

## III.  DISCUSSION

Petitioner argues that the summary revocation of his release without justification or consideration of his individualized circumstances violates the Due Process Clause. Pet. ¶¶ 37–48. The Court agrees.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (9th Cir. 2001). "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. 22-cv-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Petitioner was released to his uncle on or about November 6, 2021. Pet. ¶¶ 2, 3. Petitioner is not a newly arrived noncitizen seeking admission at the border, as Petitioner has been in the United States since November 2021. *Id.* When he was released, Mr. Lopez-Flores was determined to not be a danger to the community or a flight risk. *Id.* ¶ 28.

3

Petitioner is not merely an "applicant for admission" at the border with minimal due process rights; Petitioner has a protected liberty interest in remaining out of custody. *See, e.g., Pinchi*, 792 F. Supp. 3d at 1034 ("[Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria."); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."); *Alvarenga Matute v. Wofford*, 807 F. Supp. 3d 1120, 1128 (E.D. Cal. 2025) (finding petitioner had a protected liberty interest in his release). Respondents do "not oppose the petition and defer[] to the Court on the appropriate relief." Ret. at 5.

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Mathews* factors. *See id*. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

The Court finds that all three factors support a finding that the Government's revocation of Petitioner's conditional parole without notification, reasoning, or an opportunity to be heard, denied Petitioner of his due process rights. First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody pursuant to his initial release by DHS. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690. Petitioner has an interest in

26cv2760-LL-SBC

remaining with his family. *See Morrissey*, 408 U.S. 471 at 482 ("Subject to the conditions of his parole, he . . . is free to be with family and friends and to form the other enduring attachments of normal life.").

Second, the risk of an erroneous deprivation of such interest is high as Petitioner's conditional parole was revoked without providing him a reason for revocation or giving him an opportunity to be heard. Pet. ¶¶ 37–48. Since DHS's determination that Petitioner should be released because he posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1760 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk. . . ." *Saravia*, 280 F. Supp. 3d at 1760. Respondents concede that Petitioner was previously released on conditional parole. *See generally* Ret at 4. Respondents also state with respect to this argument in their Return that "the government does not oppose the petition and defers to the Court on the appropriate relief." *Id.* "Where as here, 'the petitioner has not received any bond or custody hearing,' 'the risk of an erroneous deprivation of liberty is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for her detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025)) (cleaned up).

Third, the Government's interest in detaining Petitioner without notice, reasoning, and a hearing is "low." *See Pinchi*, 792 F. Supp. 3d at 1036; *Matute*, 807 F. Supp. 3d at 1130; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). Respondents fail

26cv2760-LL-SBC

to point to any burdens on the Government if it were to have provided proper notice, reasoning, and a pre-deprivation hearing. *See generally* Ret.

Therefore, because Respondents detained Petitioner by revoking his release in violation of the Due Process Clause, his detention is unlawful.[1] *See, e.g., Alegria Palma v. Larose et al.*, No. 25-cv-1942 BJC (MMP), slip op. 14 (S.D. Cal. Aug. 11, 2025) (granting a TRO based on a procedural due process challenge to a revocation of parole without a pre deprivation hearing); *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at *5 (S.D. Cal. Sept. 26, 2025) (granting a writ of habeas corpus releasing petitioner from custody to the conditions of her preexisting parole on due process grounds).

Accordingly, the Court **GRANTS** Petitioner's Petition.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Court declines to reach Petitioner's remaining arguments that his detention violates the Administrative Procedure Act and Fourth Amendment.

26cv2760-LL-SBC

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1). The Court **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting release. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[2]

**IT IS SO ORDERED**.

Dated:  May 26, 2026

Honorable Linda Lopez
United States District Judge

---

[2] This relief has been granted in similar matters. *See, e.g., Matute*, 807 F. Supp. 3d at 1133; *Pinchi*, 792 F. Supp. 3d at 1038; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1097 (E.D. Cal. 2025); *Martinez Hernandez v. Andrews*, No. 25-CV-1035 JLT HBK, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025).

7

26cv2760-LL-SBC